UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
v.                             )          No. 3:25-CR-18-KAC-JEM
                               )
KRISTOPHER JONES,              )
                               )
          Defendant.           )
                               )

**ORDER OF COMMITMENT FOR
MENTAL EXAMINATION AND EVALUATION**

This case is before the Court pursuant to 28 U.S.C. § 636(b), for disposition or recommendation as appropriate, and Order of Referral [Doc. 169 SEALED]. The parties appeared before the undersigned on April 21, 2026, for a motion hearing on Defendant's Motion for Psychiatric or Psychological Examination to Determine Mental Competency [Doc. 168 SEALED]. Assistant United States Attorney Kevin Quencer appeared on behalf of the Government. Attorney Rachel L. Wolf represented Defendant Kristopher Jones, who was also present.

In the sealed motion, Defendant asks the Court for a psychiatric or psychological examination to determine his mental competency to proceed with sentencing [*Id.*]. Attorney Wolf offered additional information at the hearing regarding Defendant's recent medical procedure that she believes further supports the request.

AUSA Quencer stated at the hearing that the Government took no position on the request and acknowledged a determination of whether a competency evaluation is warranted is within the sound discretion of the Court. AUSA Quencer did express that Defendant is a key witness for the

Government in the trial set in this case for July 7, 2026, and that Defendant's absence would be problematic for the Government.

Based upon the information in the motion and the statements of the parties at the hearing, the Court finds that reasonable cause exists to believe that Defendant Jones may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a). Accordingly, the Court **GRANTS** the Defendant's motion [**Doc. 168 SEALED**] to undergo a competency evaluation and will set a competency hearing.

The Court hereby **ORDERS,** pursuant to Title 18, sections 4241(b) and 4247(b)–(c) of the United States Code, as follows:

(1) Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the United States Marshals Service shall notify counsel for both parties promptly. The Government then **SHALL FILE** a notice of designation in the record to alert the Court.

(2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of Defendant for the purpose of determining whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(3) Pursuant to Rule 12.2(c), Defendant is to submit to such examinations as ordered above.

(4) Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility. The record reflects that Defendant has not taken previously prescribed mental health medications for some time and is uncertain what

2

medication is needed or the correct dosage. In this regard, the facility is asked to evaluate a suitable medication regime for Defendant and to place him on the proper medication for his mental health if appropriate.

(5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for Defendant and counsel for the United States, and said report shall include:

(a) Defendant's history and present symptoms;

(b) a description of the psychiatric, psychological and medical tests that were employed and their results;

(c) the examiner's findings;

(d) the examiner's opinions as to diagnosis and prognosis, and

(e) the examiner's opinion as to whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(6) Pursuant to Title 18, Section 4247(b), of the United States Code, Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period not to exceed **THIRTY (30) DAYS**, unless otherwise ordered by the Court.

(7) Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshals Service immediately following the completion of the evaluation or the expiration of the thirty (30)-day period, or any reasonable extension of that period, whichever is sooner.

(8) A competency hearing is set for **June 4, 2026, at 10:00 a.m.** If Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

3

(9) The United States Marshal shall notify counsel for both parties and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation. If Defendant has returned in time, the United States Marshals Service shall bring him to the **June 4, 2026** competency hearing.

(10) Counsel for Defendant Jones is **DIRECTED** to provide the evaluating mental health provider with a copy of the motion [Doc. 168 SEALED] and copies of the Defendant's medical, mental health, and educational records in counsel's possession or that counsel receives during the pendency of the evaluation.

(11) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge

4