UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,                  )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )          No. 3:25-CR-18-KAC-JEM
                                           )
KRISTOPHER JONES,                          )
                                           )
                    Defendant.             )

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636(b), for disposition or recommendation as appropriate, and Order of Referral on the matter of Defendant Kristopher Jones's competency [Doc. 169, SEALED]. On February 6, 2026, defense counsel moved the Court for psychiatric or psychological examination to determine his mental competency to proceed with sentencing [Doc. 168, SEALED]. Following a hearing on April 20, 2026, the undersigned committed Defendant for a mental evaluation of his competency to proceed with sentencing [Doc. 177].[1] Defendant arrived at the Federal Correctional Institution in Butner, North Carolina (FCI Butner) on May 6, 2026, for his thirty-day evaluation [Doc. 180]. Defendant's evaluation was completed on June 4, 2026, and the Court received the forensic report on June 30, 2026 [*See* Doc. 195, SEALED]. The parties appeared for a competency hearing on July 8, 2026. Assistant United States Attorney Kevin Quencer appeared on behalf of the Government. Attorney Rachel Wolf represented Defendant Jones, who was also present.

Counsel for both parties confirmed they received a copy of the Forensic Evaluation by Dr. Heather Ross, forensic psychologist at FCI Butner [Doc. 195, SEALED]. In the report,

---

[1] The Court continued sentencing to September 4, 2026, at 1:45 p.m. [Doc. 179].

Dr. Ross opines that although Defendant Jones suffers from a mental disease, it does not render him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings or assist in his defense [*Id.* at 9]. Both parties stipulated to the report's findings [*see* Doc. 196], and neither party presented other evidence relating to Defendant's competency.

"The test for a defendant's competency to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him.'" *Mallet v. United States*, 334 F.3d 491, 494–95 (6th Cir. 2003) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). "In making this determination, a court should consider evidence including that of 'irrational behavior, the defendant's demeanor [in court] and any prior medical opinion concerning competence to stand trial.'" *United States v. Taylor*, No. 23-5470, 2024 WL 966570, at *3 (6th Cir. Mar. 6, 2024) (quoting *United States v. Prigmore*, 15 F.4th 768, 776 (6th Cir. 2021)).

Based upon the Forensic Evaluation, the parties' stipulation, and the record as a whole, the undersigned finds by a preponderance of the evidence that Defendant Jones can understand the nature and consequences of the proceedings against him and is capable of assisting properly in his defense. *See* 18 U.S.C. § 4241. Accordingly, the Court finds that Defendant Jones is **COMPETENT** to participate in further proceedings in this case. At the hearing, the parties acknowledged and affirmed that this case will proceed to sentencing, which is currently scheduled for **September 4, 2026**.[2]

**IT IS SO ORDERED**.

ENTER:

Jill E. McCook
United States Magistrate Judge

---

[2] Ms. Wolf represented that she may file a motion to continue the sentencing proceeding.